UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

MARTIN J. WALSH, Secretary of Labor, :
United States Department of Labor,
                                          :
        Plaintiff,                Civil Action File
   v.                                  :
                                             No. 1:21-cv-16382
                                         :
EXECUTIVE IMAGING SYSTEMS INC.
401(K) PLAN,                            :
        Defendant.              :

---

## COMPLAINT

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor (the "Secretary"), as follows:

1. This action arises under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq.*, and is brought to enjoin practices in violation of Title I of ERISA and to obtain other appropriate equitable relief to redress violations and enforce the provisions of Title I of ERISA.

2. The Executive Imaging Systems Inc. 401(k) Plan (the "Plan"), which holds ERISA-covered assets, was abandoned by its previous fiduciaries.

3. Therefore, the Secretary brings this action to remove the fiduciaries and appoint an independent to distribute the assets and terminate the Plan.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), and general federal question jurisdiction, 28 U.S.C. § 1331.

5. Venue with respect to this action lies in the United States District Court for the District of New Jersey, pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because, during the relevant period, the Plan was administered in Cherry Hill, New Jersey.

## PARTIES

6. Plaintiff, the Secretary, is vested with authority under ERISA §§ 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2), (5), to enforce Title I of ERISA by, among other things, filing and prosecuting claims for violations of Title I of ERISA.

7. The Plan is an employee pension benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3) and is covered by ERISA, pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a).

## FACTUAL ALLEGATIONS

8. The Plan was established on or about December 15, 1984.

9. The Plan was sponsored by Executive Imaging Systems, Inc. (the "Company"). The Plan's last known address was 1 Allison Drive, Cherry Hill, NJ 08034.

10. The Plan documents provide that the assets of the Plan shall be held in a Trust Fund.

11. Ellis Rabinowitz and Neil Staller were the sole persons designated as trustees of the Plan, and at all relevant times exercised authority and control over the disposition of the Plan's assets, and are the fiduciaries with respect to the Plan within the meaning of ERISA § 3 (21)(A), 29 U.S.C. § 1002(21)(A).

12. Rabinowitz and Staller are the only individuals with signatory authority on behalf of the Plan.

13. Rabinowitz and Staller stopped performing their fiduciary duties since around 2008 when the Company ceased operations, and they did not ensure the appointment of a new fiduciary to manage the Plan or oversee the distribution of the Plan's assets.

14. The Secretary has been unable to locate or contact Rabinowitz or Staller

15. No individuals or entities have come forward to assume fiduciary responsibility for the Plan or to distribute its assets to the Plan's four participants.

16. There is no fiduciary actively functioning on behalf of the Plan, which has not been terminated.

17. Charles Schwab is and has been the custodian of the Plan assets at all times relevant to this action.

18. As of June, 2021, the assets held in the Plan had an approximate value of $196,203.00.

19. Without a duly appointed fiduciary of the Plan to instruct an asset custodian to distribute the Plan's assets, the Plan's participants are unable to obtain distributions of funds from the Plan.

## CLAIM FOR RELIEF

20. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary hereby incorporates the allegations of all prior paragraphs.

21. ERISA § 402(a)(1), 29 U.S.C. § 1102(a)(1) requires that "Every employee benefit plan shall be established and maintained pursuant to a written instrument" that "shall provide for one or more named fiduciaries who jointly or severally shall have authority to control and manage the operation and administration of the plan."

22. Subject to exceptions not applicable here, ERISA § 403(a), 29 U.S.C. § 1103(a) requires that "all assets of an employee benefit plan shall be held in trust by one or more trustees."

23. By the conduct and circumstances described, the Plan exists without a named fiduciary and without its assets being held in trust by a trustee in violation of ERISA §§ 402 and 403, 29 U.S.C. §§ 1102 and 1103.

### PRAYER FOR RELIEF

Wherefore, the Secretary prays for judgment:

A. Removing Rabinowitz and Staller as trustees to the Plan;

B. Appointing AMI Benefit Plan Administrators, Inc. to administer the Plan and distribute the Plan's assets to its participants and beneficiaries; and

C. Ordering such further relief as is appropriate and just.

DATED: September 1, 2021
New York, NY

ELENA S. GOLDSTEIN
Acting Solicitor

JEFFREY S. ROGOFF
Regional Solicitor

*s/ Orly S. Godfrey*
ORLY S. GODFREY
Trial Attorney

U.S. Department of Labor,
*Attorneys for Plaintiff, Martin J. Walsh, Secretary of Labor*

U.S. Department of Labor
Office of the Regional Solicitor
201 Varick Street, Room 983
New York, NY 10014
(646) 264-3656
(646) 264-3660 (fax)
Godfrey.Orly@dol.gov
NY-SOL-ECF@dol.gov